UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

VAUGHN FREDERICK,

       Plaintiff,

-v-                                             **COMPLAINT**

CITY OF NEW YORK, POLICE OFFICER      **JURY TRIAL DEMANDED**
DYLAN BUSCHINSKI,

                                                        24-cv-3977

       Defendants.

---------------------------------------------------------X

Vaughn Frederick ("Plaintiff"), by and through his counsel, Cody Warner, P.C., states and alleges as follows against The City of New York ("Defendant City") and Police Officer Dylan Buschinski ("Defendant Buschinski"):

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 against Defendant Buschinski for false arrest and excessive force. Plaintiff also asserts analogous and related claims under New York State Law against Defendant Buschinski and against Defendant City under the doctrine of *respondeat superior*.

2. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and further relief as the Court deems just and proper.

## JURISDICTION

3. The federal claims in this action are brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States

1

Constitution. Jurisdiction for those claims is conferred upon this court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4).

4. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the non-federal claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## JURY TRIAL DEMANDED

5. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury for all his claims as pleaded herein.

## VENUE

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this complaint occurred within this district.

## PARTIES

7. Plaintiff is a resident of Bergen County, New Jersey.

8. Defendant Buschinski is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD").

9. Defendant Buschinski is sued in his individual and official capacities. At all times mentioned herein, Defendant Buschinski acted under the color of state law, in the capacity of an officer, employee, and agent of Defendant City.

10. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

11. Plaintiff served a Notice of Claim on Defendant City within ninety days of the incident. Defendant City conducted a General Municipal Law 50-h hearing on February 23, 2024.

12. This action commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

13. On October 4, 2023, Plaintiff was driving a Polaris Slingshot—a three-wheeled autocycle—through Midtown Manhattan.

14. Defendant Buschinski cut off Plaintiff near the intersection of Broadway and 44th Street in Times Square.

15. Defendant Buschinski told Plaintiff to take a right at the intersection and go down 44th Street.

16. Plaintiff asked Defendant Buschinski why he must take right down 44th Street, since doing so would lead him away from his destination, and numerous other cars were passing through the intersection.

17. Defendant Buschinski then asked Plaintiff whether he had a motorcycle license.

18. Plaintiff responded that he did not, because he did not need a motorcycle license to legally operate an autocycle.

19. Defendant Buschinski then asked Plaintiff whether he had a helmet.

20. Plaintiff responded that he did not, because he did not need a helmet to legally operate an autocycle.

21. Plaintiff was correct—he did not need a motorcycle license or helmet to legally operate an autocycle. On February 24, 2022, New York Governor Kathy Hochul signed the Lupardo-Kennedy Autocycle Bill into law, which eliminated the need for people to have a motorcycle license to legally operate an autocycle in New York. Further, the helmet laws under the New York Vehicle and Traffic Law apply to motorcycles, not autocycles.

22. Although Plaintiff had not committed any offense, Defendant Buschinski ordered Plaintiff to exit his vehicle.

23. Plaintiff asked Defendant Buschinski why he must exit his vehicle if he did not commit any offense.

24. Defendant Buschinski and other NYPD officers then, without warning, aggressively grabbed Plaintiff by the neck and shoulders and yanked him out of the vehicle.

25. Defendant Buschinski and other NYPD officers jumped on Plaintiff and twisted his arm and wrist.

26. Defendant Buschinski placed Plaintiff in handcuffs.

27. Plaintiff had not committed any offense, and therefore his arrest was unlawful.

28. Plaintiff sustained scratches, bruises, and significant pain to his wrist and knees.

29. While in police custody, Plaintiff was escorted by ambulance to Lenox Hill Hospital, where he was treated for pain in his left knee and wrist.

30. After Plaintiff was released from the hospital, he was transported to the police precinct and then to Manhattan Central Booking.

31. The New York County District Attorney's Office declined to prosecute Plaintiff.

32. Plaintiff was released from Manhattan Central Booking at approximately 4 P.M. on October 5, 2023—approximately seventeen hours after he was arrested.

33. Plaintiff continues to suffer pain to his left knee and wrist. Plaintiff experiences sharp pain when he moves his wrist and knee, and his knee hurts when it is bent for too long. As such, simple things such as chores or moving objects are now painful for Plaintiff.

34. Plaintiff, who works as a bus driver for New Jersey Transit, missed three weeks of work after the incident because it was too painful for him to operate a bus.

35. Although Plaintiff went back to work as a bus operator in November 2023, his condition worsened once he resumed operating a bus.

36. In April 2024, Plaintiff was diagnosed with a possible TFCC tear in his wrist and medial epicondylitis.

37. As a result of Plaintiff's condition, he had to go on leave again from New Jersey Transit.

38. As a direct and proximate result of the said acts of the Defendants, Plaintiff sustained the following injuries and damages:

    a. Deprivation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

    b. Deprivation of his rights under the laws and Constitution of the State of New York;

    c. Emotional distress, degradation and suffering;

    d. Physical pain and suffering;

    e. Loss of liberty; and

    f. Lost income.

## CAUSES OF ACTION

### FIRST CLAIM

### False Arrest Under 42 U.S.C. § 1983

39. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

40. Defendant Buschinski deprived Plaintiff of his rights afforded by the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting and detaining Plaintiff.

41. The wrongful and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without probable cause, without a warrant, and without privilege or consent.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### SECOND CLAIM

### False Arrest Under New York State Law

43. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

44. Defendant Buschinski subjected Plaintiff to false arrest and deprivation of liberty without probable cause.

45. Plaintiff was conscious of his confinement.

46. Plaintiff did not consent to his confinement.

47. Plaintiff's arrest was not otherwise privileged.

48. Defendant City, as the employer of Defendant Buschinski, is responsible for his wrongdoing under the doctrine of *respondeat superior*.

49. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM

### Excessive Force Under 42 U.S.C. Section 1983

50. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

51. By the actions described, Defendant Buschinski deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from excessive and unreasonable force.

52. As a direct a proximate result of the aforementioned conduct of Defendant Buschinski, Plaintiff sustained the damages and injuries hereinbefore alleged.

### FOURTH CLAIM

### Assault and Battery Under N.Y. State Law

53. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

54. As detailed above, Defendant Buschinski intentionally touched Plaintiff in an offensive and harmful manner, and he intentionally subjected him to offensive and harmful contact. In doing so, Defendant Buschinski placed Plaintiff in fear of being subjected to such harmful and offensive contact.

55. Defendant City, as employer of Defendant Buschinski, is responsible for his wrongdoing under the doctrine of *respondeat superior*.

56. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM

### Negligent Hiring, Retention and Supervision Under New York State Law Against Defendant City

57. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

58. Defendant City owed a duty of care to Plaintiff to adequately hire, retain, and supervise its employee Defendant Buschinski.

59. Defendant City breached that duty of care.

60. Defendant City placed Defendant Buschinski in a position where he could inflict foreseeable harm.

61. Defendant City knew or should have known of Defendant Buschinski propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

62. Defendant City failed to take reasonable measures in hiring, retaining and supervising Defendant Buschinski that would have prevented the aforesaid injuries to Plaintiff.

63. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief jointly and severally against the Defendants:

    a. An order awarding compensatory damages for Plaintiff in an amount to be determined at trial;

    b. An order awarding punitive damages in an amount to be determined at trial;

    c. A court order pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

    d. Such other and further relief as this Court may deem appropriate.


DATED:    May 23, 2024
New York, New York


*Cody Warner*
Cody Warner, Esq.
11 Broadway
Suite 615
New York, NY 10004
cody@codywarnercriminaldefense.com
212-627-3184

*Attorney for Plaintiff*